**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALMA GARZA,<br><br>　　　　　　Defendant. | Case No. 1:22-cr-00062 JLT SKO<br><br>ORDER DENYING EX PARTE APPLICATION FOR DISCOVERY<br><br>(Doc. 609) |

　　　The defendant is alleged to have conspired from late 2021 through early 2022, in a drug trafficking scheme to distribute cocaine, methamphetamine, and fentanyl. The government alleges, in particular, that she possessed with the intent to distribute cocaine and methamphetamine in January 2022, when she sent a package containing these drugs through the U.S. mail.

　　　After her arrest in 2022, she was confronted by a special agent who indicated that, though he could not say that all M30 pills contained fentanyl, all of the M30 pills he had ever seized had been determined in labs to have contained fentanyl. The Government disclosed that it intended to present an expert, DEA Special Agent Shawn Riley, who would opine similarly.

　　　In connection with this disclosure, the Government has provided a supplemental report of Special Agent Riley in which he reports that this week he learned that a DEA Western Laboratory in the last six months, tested seized M30 pills that did not contain fentanyl. In light of this

1

disclosure, the defendant has demanded that the Government "produce the lab reports that tested positive for acetaminophen and identify the personnel who tested the drugs as Brady material." (Doc. 609) The Defendant contends that this evidence "is central to one of the issue [sic] of the case i.e. whether Defendant's belief that she did not know what was in the pills was reasonable under all of the circumstances." *Id*. at 2.

The Government refuses to produce the information sought contending that the information has no bearing on the defendant's case. It notes that it has produced all of the lab tests for the drugs involved in this case and argues that the chemical makeup of M30 pills seized in 2024 can shed no light on what Ms. Garza knew or intended more than two years ago.

The Government relies on *United States v. Galecki*, 932 F.3d 176, 191 (4th Cir. 2019), in which the defendant claimed that he did not have the required mens rea due to statements made by a law enforcement officer a month after the shipment of drugs and several months after the drug business had been operating. The trial court observed, "the proffered evidence was insufficient to establish the entrapment by estoppel defense because the spice business had been in full swing for months when Ritchie first talked to Cosey. The court explained that the element of reasonable reliance was missing: "[Y]ou cannot rely on something that happened seven months later to try to raise the suggestion that there was some reliance on something the government said ... when the illegal conduct is up and running seven months before." The court determined, in short, that information learned *after* the completed crime is irrelevant to the defendant's intent at the time he/she committed the crime and cannot negate the defendant's knowledge. *Id*. at 191-192. The Court of Appeals affirmed, and the Court agrees.

A "central" defense strategy is to assert that the defendant did not know what was in the package she mailed in January 2022 and that her lack of knowledge was reasonable. This approach is permissible, but what she can't do is suggest she reasonably didn't know because the DEA seized fentanyl-free M30 pills two years later. One thing has nothing to do with the other.

The information sought by the defense is not exculpatory, it is not *Brady* material, and it does not have any tendency to show that Ms. Garza did not know that the package she mailed had narcotics in it and it does not show that she did not know that she was involved in trafficking

controlled substances. Consequently, the ex parte application for discovery is **DENIED**.

IT IS SO ORDERED.

   Dated: __**September 19, 2024**__            _____
                                                          UNITED STATES DISTRICT JUDGE