UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>ALMA GARZA<br><br>            Defendants. | Case No.  1:22-cr-00062-4 JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ACQUITTAL AND/OR A NEW TRIAL<br><br>(Doc. 630) |

On September 27, 2024, the jury found Alma Garza guilty of Count 1, charging her with conspiring to distribute and possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 625) The jury found that the conspiracy involved a mixture or substance containing cocaine, a mixture or substance containing methamphetamine and a mixture or substance containing fentanyl. *Id*. at 2. The jury also found Ms. Garza guilty of Count 2, possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). *Id*.  The jury determined that Ms. Garza possessed a mixture or substance containing cocaine and a mixture or substance containing methamphetamine. *Id*.  Ms. Garza now moves for acquittal as to Count 2 and for a new trial as to Count 1 or for a new trial as to both Counts. She argues that the evidence did not support the verdict and that the Court erred in giving particular instructions. (Doc. 632) For the reasons set forth below, the motion is **DENIED**.

1

## I. BACKGROUND

At the trial, the evidence showed that Ms. Garza agreed to mail a package for her cousin, Horacio Torrecillas Urias Jr., who was referred to as Jr. When speaking with Jr, Ms. Garza initially told him that he should have the person he paid to mail such packages for him take this package to the post office. When he continued to press her to do it, she agreed to mail the package.

She traveled to the post office with Jr in Jr's car. Jr waited in the car while she went inside and mailed the package. While in the post office, she spoke to Jr by phone and text and received instructions from him where to send the package and his approval to pay the high cost of having the package delivered by two-day mail. She made sure that the recipient did not have to sign for the package. Rather than placing Jr's or her own name and address on the package as the sender, she identified a third-party as the sender. She complied when Jr told her to track "that shit" in the days following when the package did not arrive as anticipated. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ Other wiretap evidence and evidence from Ms. Garza's phone demonstrated that Garza was the one who "always" mailed the packages[1] and that she had tracked and paid for packages to be sent for Jr.

Other evidence demonstrated that Ms. Garza was aware that Jr sold narcotics, including cocaine and fentanyl. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ When a member of the organization, Uriel Diaz-Santos, was arrested for possessing a large quantity of fentanyl M30 pills, Jr sent a copy of the press release to Ms. Garza, which detailed the arrest and the type and quantity of the drugs. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

The evidence also showed that Ms. Garza was involved in significant activity related to Jr's drug trafficking operation. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

---

[1] Jr told Justin Riddle, the person who was to receive the package at issue in Count 2, that Ms. Garza was the one who "always" posted the packages to him.

1   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The evidence showed that Ms. Garza knew that her own brother, Alejandro Guzman, assisted in Jr's drug trafficking operation by traveling to Los Angeles to pick up drugs from Jr's supplier. When he was arrested for transporting methamphetamine and fentanyl, Ms. Garza's statements to Jr, which were captured on the wiretap, made clear that she knew that Guzman was transporting drugs. Texts between her and Jr, demonstrated that Ms. Garza knew about Jr's cocaine operation. She obtained cocaine from him in the past, and she explained that Jr was her only "connect." ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Ms. Garza coordinated information between sources of drug supply in Mexico and Jr. On various occasions, she accepted calls from suppliers[2] wishing to speak to Jr, and then she would contact Jr and tell him to return the call. She sent drug money by wire to Mexico at Jr's behest. On one occasion, she travelled with Jr in his car when he went to pick up drugs. On another occasion she drove to a location where Jr was dropping off drugs, in a car separate from Jr's, so that she could act as a decoy if police attempted to stop Jr's car.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Though the jury could have believed this, it did not. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## II.   LEGAL STANDARD

Under Federal Rules of Criminal Procedure 29, the Court may set aside the verdict and enter a judgment of acquittal. However, "[a] judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1210 (9th Cir. 1992).

---

[2] At least one of these suppliers was a relative of both Jr and Ms. Garza.

1        On the other hand, Rule 33(a) allows that a "court may vacate any judgment and grant a
2 new trial if the interest of justice so requires."  In evaluating a motion for a new trial under Rule
3 33, "[t]he court is not obliged to view the evidence in the light most favorable to the verdict, and
4 it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *Id*.  The
5 burden of justifying a new trial, rests with the defendant, *United States v. Endicott*, 869 F.2d 452,
6 454 (9th Cir. 1989), and "[a] motion for new trial is directed to the discretion of the judge,"
7 *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981).  *Accord United States v. Kellington*,
8 217 F.3d 1084, 1097 (9th Cir. 2000) (district court's decision to grant or deny a new trial is
9 reviewed for abuse of discretion).  Though the burden on a motion for new trial is not as
10 demanding as that for a motion for acquittal, such motions are generally disfavored and should
11 only be granted in exceptional cases.  *See United States v. Del Toro–Barboza*, 673 F.3d 1136,
12 1153 (9th Cir. 2012).

## ANALYSIS

**A.  The motion for acquittal as to Count 2 must be denied because there was sufficient evidence that Ms. Garza knew the package that she mailed contained federally controlled substances.**

[redacted] The jury concluded implicitly that Ms. Garza knew what was in the package or knew, at least, that it contained drugs of some sort [redacted].

[redacted] Notably, by the time she mailed the package, she was aware that Uriel Diaz-Santos, a top assistant of Jr, had been arrested for possessing fentanyl in the form of M30 pills [redacted]

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ When speaking to Jr during that call, the wiretap recording revealed that Ms. Garza asked why the person who Jr paid to mail his packages couldn't do it. Even still, she ultimately agreed to mail the package for Jr. Then, she traveled to the post office with Jr and entered the post office with the package, while Jr remained outside in the vehicle. She communicated with Jr while she was inside the post office, and he gave her the address where to send the package and approved the cost of the two-day mail. Ms. Garza balked at listing her name on the package as the sender and, rather than inserting Jr's name, listed another woman as the sender. None of this conduct supports that Ms. Garza simply thought she was mailing an innocent parcel. It is consistent only with a conclusion that Ms. Garza knew that the package contained narcotics.

The calls between Jr and Ms. Garza after the package was not delivered on time, further demonstrate her knowledge and her culpability. When he asked her to track that "shit" that "they mailed," she did so and confirmed to him that she made sure that no signature was required by the recipient to receive it. In addition, the evidence revealed that Ms. Garza had been involved in mailing, tracking, and paying for Jr's packages in the months leading up to the mailing at issue. When all of the evidence is considered in the light most favorable to the government, the Court concludes that there was significant evidence to demonstrate that Ms. Garza knew that the package she mailed for Jr contained controlled substances. Thus, her motion for judgment of acquittal is **DENIED**.

**B.    The motion for new trial/acquittal must be denied because the Court did not err when instructing the jury.**

Ms. Garza argues as to her motion for judgment of acquittal and for a new trial, that the Court erred when it failed to instruct the jury that it must determine whether she knew that the substances at issue were federally controlled and erred in giving the "deliberate ignorance" instruction. As to the first instruction, Ms. Garza relies on *McFadden v. United States* (2015) 576

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

U.S. 186 for this proposition. The Court disagrees that *McFadden*[4] applies here.

In *McFadden*, the Court stated, "We hold that § 841(a)(1) requires the Government to establish that the defendant knew he was dealing with "a controlled substance." **When the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity.** The knowledge requirement is also met if the defendant knew the specific features of the substance that make it a "'controlled substance analogue.'" *Id*. at 188-189. In this case, none of the drugs were analogues. Rather, the evidence demonstrated that the package Ms. Garza mailed contained methamphetamine and cocaine. Also, the evidence demonstrated that the conspiracy included these two drugs and fentanyl, in the form of M30 pills[5]. This was shown in part through the arrest of Mr. Guzman, who was found with a large volume of methamphetamine and fentanyl in the form of M30 pills. It was shown also through the arrest of Uriel Diaz-Santos, who was found with fentanyl in the form of M30 pills.[6]

Moreover, the Court did not err when it instructed the jury using the Ninth Circuit's model instructions. Instruction 14 told the jury that at issue was cocaine and methamphetamine, and Instruction 18 told the jury that at issue was cocaine, methamphetamine, and fentanyl. These substances are all federally controlled, so the jury was called on to determine whether an unidentified substance was federally controlled. Instruction 14 told the jury that, "It does not matter whether the defendant knew that the substance was cocaine or methamphetamine. It is sufficient that the defendant knew that it was some kind of a federally controlled substance." Under these instructions, whether Ms. Garza believed the package contained M30 pills[7], cocaine or methamphetamine was sufficient to convict her of Count 2. The jury found that each count involved these drugs—all three of these drugs as to Count 1 and two of them as to Count 2—and the Court agrees with this determination.

---

[4] For the same reason, *United States v. Al Sharairei*, 646 F.Supp.3d 987 (N.D. Iowa 2022) does not inform the Court' analysis here.

[5] There is no evidence that counterfeit pills constitute an analogue.

[6] The fact that chemist Kelsey Roberts testified that she had tested M30 pills in other investigations in the past that did not have controlled substances in them does not bear on this case. Here, all of the M30 pills were tested and determined to contain fentanyl.

[7] According to the testimony of the chemists, all of the M30 pills seized in this case contained fentanyl.

6

The Court agrees also with the government's analysis that Instructions 16 and 17 properly charged the jury related to whether Ms. Garza acted knowingly. ████████████████████████████████████████████████████████████████ In particular, the evidence, which she elicited, suggesting that she thought she was acting lawfully in mailing the package, justified Instruction 17. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1119 (9th Cir. 2013) [Deliberate ignorance instruction proper where, "It is true that most of the government's evidence focused on Defendants' actual knowledge that the boat contained marijuana. But at trial, Defendants maintained that they could have believed this was an alien smuggling operation and did not know that the boat contained a controlled substance."]; *United States v. Ewing*, 650 F. App'x 919, 922 (9th Cir. 2016). Thus, the motion for a new trial as to both Counts is **DENIED**.

## CONCLUSION

For these reasons, Ms. Garza's motion (Doc. 632) is **DENIED** in its entirety.

IT IS SO ORDERED.

Dated:   **October 31, 2024**

UNITED STATES DISTRICT JUDGE